UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNTONE DAVIS,
    Plaintiff,

-vs.-                          **DEMAND FOR JURY TRIAL**

ACCRETIVE HEALTH, INC.,
a Delaware corporation,
d/b/a MEDICAL FINANCIAL SOLUTIONS,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Shawntone Davis, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Accretive Health, Inc. d/b/a Medical Financial Solutions, which is a Delaware company that maintains registered offices in Oakland County.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff had a credit account with Henry Ford Hospital which she incurred for personal, family, or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

2

9. Defendant claims that Plaintiff failed to pay the Debt in full.

10. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Henry Ford Hospital in the amount of about $800.

11. On or about September 30, 2013, Defendant contacted Plaintiff's sister in law, Joyce Zarrieff and spoke with Plaintiff's 16 year old niece. Defendant told Plaintiff's niece that it was calling from the Henry Ford *billing* department and that it needed to speak with Plaintiff.

12. Shortly after the conclusion of that conversation, Ms. Zarrieff called Ms. Davis and informed her that someone from Henry Ford Hospital billing department had called looking for Ms. Davis and had given her the number (313) 916-7637 for Plaintiff to call.

13. Ms. Davis contacted the number given to her by her sister in law and discovered that it belonged to Defendant, Accretive Health.

14. To date, Ms. Davis has not received anything in writing from the Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) provides:

    > Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector

20. In this case, the Defendant communicated with the Plaintiff's niece, a person who was not authorized to speak with the Defendant about the Debt. Plaintiff never gave permission for the Defendant to speak with her niece about the debt. By communicating (wrongfully) that it was the Henry Ford Billing Department, the Defendant informed the Plaintiff's niece that Ms. Davis owed a debt; a clear violation of the FDCPA at 15 U.S.C. 1692c(b).

21. Defendant violated 15 U.S.C. §1692d(6) which generally prohibits a debt collector from placing telephone calls without meaningful disclosure of its identity. The Defendant is not Henry Ford hospital's billing department; it's Accretive Health, Inc. Defendant violated this provision of the FDCPA by falsely representing itself in its telephone conversation with the Plaintiff's 16 year old niece that it was Henry Ford Hospital's billing department. Alternatively, it failed to meaningfully identify itself in that conversation as Accretive Health.

22. Defendant violated 15 U.S.C. §1692e(10) which prohibits a debt collector from The use of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer. In this case, the Defendant lied to the Plaintiff's niece by failing to properly identify itself.

23. Indeed, Defendant also violated 15 U.S.C. §1692e(14) which prohibits a debt collector from using any business, company or organization name other than the true name of the debt collector's business.

24. The Plaintiff was embarrassed and mortified by the Defendant having contacted her niece and then having her sister in law learn of this collection effort. Defendant had no right to contact the Plaintiff's niece nor to misrepresent itself to her as Henry Ford Hospital's billing department.

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated:

   a. MCL §339.915(e) which prohibits a Licensee from:

   Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   i. Defendant lied to Plaintiff's niece, and in turn, to Plaintiff, when it misrepresented itself as Henry Ford Hospital's billing department.

    b. MCL §339.915(g) which prohibits a Licensee from:

Communicating with a debtor without accurately disclosing the caller's identity or cause expenses to the debtor for a long distance telephone call, telegram, or other charge.

        i. Defendant's misrepresentation of itself to the Plaintiff's niece, and ultimately to Plaintiff herself, violated MCL 339.915(g).

    c. MCL §339.918 requires a Licensee to send a debt collection letter to the Plaintiff within 5 days of its initial communication to her.  To date, Defendant has failed to send any such notification to Ms. Davis.

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252(e) from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.  In this case,

Defendant lied to Plaintiff's niece, and in turn, to Plaintiff, when it misrepresented itself as Henry Ford Hospital's billing department.

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA were willful.

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

November 7, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com